UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
IN THE MATTER OF THE PETITION OF THE                                    :
ARBITRATION BETWEEN TELESAT CANADA,                                     :
                                                                        :       12 Civ. 3743 (JMF)
                        Petitioner,                                     :
                                                                        :       MEMORANDUM OPINION
        -v-                                                             :       AND ORDER
                                                                        :
                                                                        :
PLANETSKY, LTD.,                                                        :
                                                                        :
                        Respondent.                                     :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/2013

JESSE M. FURMAN, United States District Judge:

      Petitioner seeks an order to compel arbitration and appointing the American Arbitration Association ("AAA") as the arbitral authority. For the reasons discussed below, the Petition is GRANTED insofar as it seeks an order that a valid arbitration agreement exists and that the dispute is within the scope of that agreement. The Petition is DENIED, however, insofar as it seeks appointment of the AAA as the arbitral authority.

## BACKGROUND

      On August 27, 2008, Petitioner and Respondent entered into a written contract for satellite communication services. (Pet. ¶ 4, O'Reilly Aff. Ex. 1). That contract includes an arbitration agreement providing that "[a]ll disputes arising in connection with this Agreement shall be fully and finally settled under the Rules of Conciliation and Arbitration of the United Nations Commission of International Trade Law (UNCITRAL RULES) by one or more arbitrators appointed in accordance with such UNCITRAL Rules." (Pet. ¶ 5; O'Reilly Aff. Ex. 1

§ 40). The provision also states that the arbitration shall occur in New York, New York, and that the arbitrators shall apply New York law. (Pet. ¶ 5; O'Reilly Aff. Ex. 1 §§ 32, 40).

On October 4, 2011, alleging that it was owed $540,035.86 for services rendered between June 2009 and February 2010, Petitioner made a written arbitration demand to Respondent and requested that the matter be adjudicated by the AAA. (Pet. ¶ 8; O'Reilly Aff. Ex. 2). A little more than one month later, the AAA requested that both parties sign and return a letter indicating their consent to arbitrate before the AAA because the AAA was not identified as the arbitral authority in the agreement. (Pet. ¶ 11; O'Reilly Aff. Ex 4). Petitioner signed and returned the letter, but Respondent failed to respond to the arbitration demand or to the AAA's letter and has taken no steps to proceed to arbitration. (Pet. ¶¶ 9, 12-13). In light of Respondent's failure to sign the letter, the AAA declined to adjudicate the controversy and closed its file on the dispute. (*Id.* ¶ 14).

Petitioner filed its Petition with the Court on May 10, 2012. (Docket No. 1). The Court ordered service and set a briefing schedule requiring that "Respondent shall file and serve any opposition to the petition within three weeks of service of the petition." (Docket No. 4). On November 7, 2012, Petitioner informed the Court that "the Ministry of Justice and Public Order of Cyprus made service pursuant to the Hague Convention of all required documents on August 31, 2012." (Docket No. 7). To date, Respondent has neither opposed the Petition nor otherwise appeared in the action. On January 29, 2013, the Court issued an Order directing Petitioner to show cause in writing "why the Court should not (a) deny the Petition entirely and require Petitioner to utilize the procedures and remedies available under the UNCITRAL Rules governing the appointment of arbitral authorities and arbitrators; or alternatively (b) grant the Petition to the extent that it seeks an Order directing Respondent to participate in the arbitration,

but deny the Petition to the extent it seeks the appointment of the AAA as the arbitral authority." (Docket No. 8). Shortly thereafter, Petitioner filed a responsive memorandum. (Docket No. 9).

## DISCUSSION

As Petitioner and Respondent are both incorporated and have their principal places of businesses outside the United States, the agreement in this case is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (Dec. 29, 1970), *reprinted at* 9 U.S.C. § 201 ("New York Convention" or "Convention"), which is codified as Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. *See Travelport Global Distrib. Sys. B.V. v. Bellview Airlines Ltd.*, 12 Civ. 3483 (DLC), 2012 WL 3925856, at *2 (S.D.N.Y. Sept. 10, 2012). The FAA provides that, where a petition to compel arbitration is filed, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see also id.* § 206 (stating that under the New York Convention, "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement").[1] The FAA thus "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Severstal U.S. Holdings, LLC v. RG Steel, LLC*, 865 F. Supp. 2d 430, 438-39 (S.D.N.Y. 2012) (internal quotation marks omitted).

---

[1] The codification of the New York Convention in Chapter 2 of the FAA includes a provision applying Chapter 1 of the FAA to actions arising under the Convention "to the extent that [Chapter 1] is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208. Accordingly, the language of Title 9, United States Code, Section 4 and cases analyzing that section, are applicable to this action.

When one party brings a petition to compel arbitration, "the role of courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." *Jacobs v. USA Track & Field*, 374 F.3d 85, 88 (2d Cir. 2004) (internal quotation marks omitted). A party's refusal to arbitrate is thus "a prerequisite to compelling arbitration under Section 4 of the FAA." *Id.* at 86. The Second Circuit has explained that a party "unequivocally refuses to arbitrate, . . . by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004) (quoting *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995)). Courts, however, must remain mindful of the fact that "arbitration is a matter of contract." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2011) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). "Thus, under the FAA, 'courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms.'" *Severstal U.S. Holdings, LLC*, 865 F. Supp. 2d at 438 (quoting *AT & T Mobility LLC v. Concepcion,* — U.S. —, 131 S. Ct. 1740 (2011)). Among other things, "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed." 9 U.S.C. § 5.

Applying these principles here, Petitioner is entitled to an order directing the parties to proceed to arbitration. First, the contract contains an arbitration clause, which unambiguously provides that "[a]ll disputes arising in connection with this Agreement shall be fully and finally settled under the Rules of Conciliation and Arbitration of the United Nations Commission of International Trade Law (UNCITRAL RULES) by one or more arbitrators appointed in accordance with such UNCITRAL Rules." (O'Reilly Aff. Ex. 1 § 40). Second, the present

4

dispute — over money allegedly owed for services provided under the contract (Pet. ¶ 7) — is plainly within the scope of the arbitration clause, as it "arise[s] in connection with" the contract. (*Id.* Ex. 1 § 40). And finally, Respondent has "unequivocally refuse[d] to arbitrate, . . . by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *LAIF X SPRL*, 390 F.3d at 198. Specifically, Respondent has neither opposed, nor responded to, Petitioner's arbitration demand letter, sent by International Federal Express on October 4, 2011 (O'Reilly Aff. Ex. 2); the AAA's letter in November 2011 (O'Reilly Aff. Ex. 4); or the Petition in this case (Dockets Nos. 1, 7). Accordingly, Petitioner is entitled to an order compelling arbitration of the present dispute.

Petitioner's request for appointment of the AAA as the arbitral authority, however, is another matter. As noted, the contract specifies that the arbitration shall be heard by "one or more arbitrators appointed in accordance with such UNCITRAL Rules," and does not specify an arbitral or appointing authority. (O'Reilly Aff. Ex. 1 § 40). The UNCITRAL Rules, however, have provisions governing the appointment of arbitral authorities and arbitrators.[2] Specifically, where the parties have not previously agreed on the number of arbitrators, and there is no agreement on the number within fifteen days of the respondent's receipt of the notice of arbitration, three arbitrators shall be appointed. *See* UNCITRAL Arbitration Rules art. 5, G.A. Res. 31/98, U.N. Doc. A/RES/31/98 (Dec. 15, 1976). If three arbitrators are to be appointed,

---

[2] Petitioner's arbitration demand cites the 2010 version of the UNCITRAL Rules. (O'Reilly Aff. Ex. 2). As the contract between Petitioner and Respondent was signed in 2008, however, those Rules do not apply; instead, the 1976 version of the Rules applies. *See* UNCITRAL Arbitration Rules art. 1.2, G.A. Res. 65/22, U.N. Doc. A/RES/65/22 (Dec. 6, 2010) ("The parties to an arbitration agreement concluded after 15 August 2010 shall be presumed to have referred to the Rules in effect on the date of commencement of the arbitration, unless the parties have agreed to apply a particular version of the Rules. That presumption does not apply where the arbitration agreement has been concluded by accepting after 15 August 2010 an offer made before that date."). Accordingly, citations in the text are to the 1976 UNCITRAL Rules.

each party chooses one arbitrator and those two choose the third arbitrator who shall preside. *See id.* art. 7.1. Most relevant for present purposes, if a party fails to appoint its arbitrator, and if the parties have not previously designated an arbitral authority, the Rules do not contemplate judicial appointment of an arbitral authority. Instead, they provide that the "first party may request the Secretary-General of the Permanent Court of Arbitration at The Hague to designate the appointing authority." *Id.* art. 7.2(b). The appointing authority designated by the Secretary-General of the Permanent Court of Arbitration at the Hague may then designate a second arbitrator. *Id.*[3]

In short, the UNCITRAL Rules specify what is to be done where, as here, the parties have not previously agreed on an arbitral authority and one party fails to appoint an arbitrator. That is, the Rules provide a remedy — and it is *not* judicial enforcement. As arbitration is entirely a creation of the contract between the parties, and the UNCITRAL Rules are incorporated by reference in the contract at issue here, the Court is therefore bound to enforce the agreement by its terms and may not designate the AAA as the arbitral authority. Instead, Petitioner must request the appointment of an arbitral authority by the Secretary-General of the Permanent Court of Arbitration at the Hague, which authority can then appoint a second arbitrator. *See, e.g., Travelport Global Distrib. Sys. B.V.*, 2012 WL 3925856, at *5 (requiring parties to follow the UNCITRAL Rules for the appointment of arbitrators and an arbitral authority where the parties had improperly named the appointing authority); *cf. Farrell v. Subway Int'l, B.V.*, 11 Civ. 08 (JFK), 2011 WL 1085017, at *5 (S.D.N.Y. Mar. 23, 2011) (on a motion to stay arbitration governed by the UNCITRAL Rules, rejecting one party's unilateral

---

[3] The UNCITRAL Rules also address a party's failure to participate in the arbitration. Article 28.2 states that "[i]f one of these parties, duly notified under these Rules, fails to appear at a hearing, without showing sufficient cause for such failure, the arbitral tribunal may proceed with the arbitration."

selection of an appointing authority and requiring parties to "request the Secretary-General of the Permanent Court of Arbitration at The Hague to select an appointing authority").

## CONCLUSION

For these reasons, the Petition is GRANTED insofar as it seeks an order compelling arbitration and DENIED insofar as it seeks appointment of the AAA as the arbitral authority. No later than February 20, 2013, Petitioner shall submit a proposed order to the Orders and Judgments Clerk of the Court consistent with this Memorandum Opinion and Order.

SO ORDERED.

Dated: February 15, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge